UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- X

KADIAN NOBLE,

             Plaintiff,

    -against-

HARVEY WEINSTEIN, BOB WEINSTEIN,
AND THE WEINSTEIN COMPANY LLC

         Defendants.

-------------------------------------------------- X

Civil Action No. 1:17 Civ. 09260 RWS

**DATE FOR ORAL ARGUMENT:
APRIL 11, 2018 at 12:00 p.m.**

## DEFENDANT THE WEINSTEIN COMPANY LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Dated: New York, New York
       February 20, 2018

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

*Attorneys for Defendant The Weinstein Company LLC*

Defendant The Weinstein Company LLC ("Defendant" or "TWC"), by and through its attorneys Seyfarth Shaw LLP, and pursuant to Federal Rule of Civil Procedure 12(b)(6), submits this reply memorandum of law in further support of its motion to dismiss Plaintiff Kadian Noble's complaint against TWC.

## **ARGUMENT**

Plaintiff, apparently conceding TWC's motion to dismiss, did not file an "Opposition" to TWC's motion.  Instead, on February 13, 2018, she filed a "Response," stating that she intended to file an amended complaint as of right on February 20, 2018.[1]  (ECF No. 44.)  Plaintiff did not dispute any of the arguments raised in TWC's motion demonstrating why her complaint should be dismissed in its entirety.  Accordingly, TWC's motion to dismiss is unopposed and should be granted.

Courts have consistently ruled that a plaintiff's claims are deemed abandoned when a plaintiff fails to respond to arguments raised against those claims in a motion to dismiss.  *See Johnson v. Comm'r of Social Security*, 519 F. Supp. 2d 448, 448-49 (S.D.N.Y. 2007) (noting when motion to dismiss is unopposed, a court "may deem [the plaintiff's] claims as abandoned"); *George v. Ford Motor Co.*, No. 03 Civ. 7643, 2007 WL 2398806, at *7 (S.D.N.Y. Aug. 17, 2007) ("Defendant does not even attempt to rebut these objections, and thus appears to abandon its request."); S*hady Records, Inc. v. Source Enter.*, 371 F. Supp. 2d 394, 396 (S.D.N.Y. 2005) ("[W]hether [plaintiff's] claims had merit is now moot in light of [its] willingness to abandon those claims."); *Volunteer Fire Ass'n of Tappan, Inc. v. Cnty. of Rockland*, No. 09 Civ. 4622, 2010 WL 4968247, at *7 (S.D.N.Y. Nov. 24, 2010) ("Ordinarily . . . when a plaintiff fails to address a defendant's arguments on a motion to dismiss a claim, the claim is deemed

---

[1]      On February 15, 2018, TWC filed a letter requesting, among other things, to be relieved of its deadline to file a reply memorandum based on Plaintiff's stated intentions to file an amended complaint.  (ECF Nos 44, 45.) The Court declined to grant this request, and as such, TWC submits this reply memorandum.

abandoned, and dismissal is warranted on that ground alone."); *Rivera v. Balter Sales Co. Inc.*, No. 14-CV-1205, 2014 WL 6784384, at \*3 (S.D.N.Y. Dec. 1, 2014) ("A plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitutes an abandonment of those claims.").

Accordingly, because Plaintiff has abandoned the claims in her complaint and for the reasons stated in TWC's opening memorandum, Plaintiff's complaint should be dismissed. *See Davidson v. Goodwill Indus. of Greater New York and Northern New Jersey, Inc.*, No. 10-CV-2180, 2012 WL 1067955, at \*5 (E.D.N.Y. Mar. 28, 2012) (dismissing unopposed motion to dismiss on its merits).

## CONCLUSION

Based upon the foregoing, and upon the reasons contained within TWC's initial moving papers, TWC respectfully requests that its motion to dismiss be granted in its entirety, and all claims and causes of action, as against TWC, be dismissed with prejudice.

Dated: New York, New York
           February 20, 2018

SEYFARTH SHAW LLP


By:   */s/ Gerald L. Maatman, Jr.*
           Gerald L. Maatman, Jr.
           gmaatman@seyfarth.com
           Lynn Kappelman
           lkappelman@seyfarth.com
           Lorie Almon
           lalmon@seyfarth.com
           Scott Rabe
           srabe@seyfarth.com
           Alnisa Bell
           abell@seyfarth.com
           620 Eighth Avenue
           New York, New York  10018
           Telephone:  (212) 218-5500
           Facsimile:  (212) 218-5526

Attorneys for Defendant
*The Weinstein Company LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Gerald L. Maatman, Jr., hereby certify that on this 20th day of February 2018, filed using the Court's CM/ECF system, a true and correct copy of the foregoing REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE WEINSTEIN COMPANY LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, which will send notification to all counsel of record.


/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.